LINCOLN SQUARE LEGAL SERVICES, INC.  | Fordham University School of Law / 150 West 62nd Street, Ninth Floor / New York, NY 10023 | Tel 212-636-6934 / Fax 212-636-6923

May 6, 2020

**Via ECF**
Honorable Jesse M. Furman
United State District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1105
New York, NY 10007

Application GRANTED. The Clerk of Court is directed to terminate Doc. #471.

SO ORDERED

May 6, 2020

    Re:  **United States of America v. Sergejs Logins**
           **S8 16 Cr. 692 (JMF)**

Your Honor:

    We represent Mr. Sergejs Logins and write to request that the Court modify its order of March 30, 2020, setting conditions of release for Mr. Sergejs Logins. *See* ECF # 464. The proposed modifications are to change the location of Mr. Logins's housing and to permit a short window of time for Mr. Logins to attend to his personal needs outside of the home confinement. The Government does not object to this request, which is outlined in more detail below.

    Mr. Login's housing situation has grown untenable, through no fault of Mr. Logins or his generous hosts, the Khamraevas, who opened their one-bedroom home to him for the past five weeks. In this stressful time, three adults in a small Brooklyn apartment has proved too much, particularly for the Khamraevas' 15-year-old son.

    With the help of the Khamraevas, Mr. Logins has located a suitable housing alternative at a residence in Brooklyn, New York,[1] and Diana Malkiel has offered to rent him a room. The apartment is located on the first floor of an apartment building. There is a separate entrance for the apartment. It is a one bedroom, and Mr. Logins will be staying in the living room. Ms. Malkiel is the only other tenant in the apartment. Ms. Malkiel is aware of his situation. This arrangement would continue to mitigate the risk of spread of the virus. Her only reservation is with the electronic monitoring, which would be addressed by a proposed modification that would permit Mr. Logins a three-hour window, once per week, to obtain his own necessities such as food, medical supplies, and other necessities. There would be no further travel from the residence except for essential trips as pre-approved by pre-trial services. The other conditions would be as before, with surrender on May 29, 2020, unless continuing need for release is shown and as otherwise ordered by the Court.

---

[1] The address is withheld here pursuant to the Court's redaction rules, and has been provided separately to the Government and Pre-Trial Services.

1

This application would not increase the risk of spread of the virus. Relocation would not require pre-trial services officials to travel for additional home visits or removal of the equipment and installation at the new address, as pre-trial services could coordinate relocation of the electronic monitoring equipment with Mr. Logins remotely. This modification, pursuant to 18 U.S.C. § 3142(c)(3), would ensure Mr. Logins return to court and best account for the current health crisis.

The Court's Order releasing Mr. Logins noted "the dire circumstances presented by COVID-19." ECF #464. The crisis in our City, and particularly in our detention facilities, has not abated. While reliable information about the conditions at BOP facilities in New York is limited, the Facility Evaluation by Doctor Homer Venters, filed in *Chunn v. Edge*, 20 Civ. 1590 (EDNY) Doc. # 72-1, describes the failure of the MDC to "implement straight-forward best-practices derived from the CDC guidelines." Par. 67. The report details many instances in which basic sanitation and simple precautions are ignored. There is almost no testing of detainees being reported, even after all these weeks, and no reason to think the situation will improve soon. The circumstances continue to warrant Mr. Logins' release pending sentence.

Further, since his release, Mr. Logins has complied with all of his conditions of release and has been interviewed by the Probation Department, which has now completed and disclosed the first draft of the Presentence Report.

In summary, we request the following modifications of Mr. Logins' release conditions:

- Home Incarceration at Ms. Diana Malkiel's residence in Brooklyn, New York, secured by electronic monitoring;
- One trip per week at a designated three-hour time range to be coordinated with Pre-Trial Services for food, medical supplies, and other necessities. No further travel from the residence except for essential trips as pre-approved by Pre-Trial Services.
- Other conditions set forth in this Court's Order of March 30, 2020, ECF # 464, remain in place, including surrender on May 29, 2020, unless continuing need for release is shown.

The pandemic continues to roil our nation. Mr. Logins, and others, are safest if he remains on pretrial release in the coming weeks, and likely for next few months. He poses no risk of flight or danger to anyone, so long as he does not inflate the population of one of the New York City BOP facilities. We respectfully urge modification of his conditions of release.

            Respectfully submitted,

            _____/s/_____
            Michael W. Martin
            Ian Weinstein
            Lincoln Square Legal Services, Inc.
            *Attorneys for Mr. Sergejs Logins*

cc: Matthew Hellman, Esq.
*Assistant United States Attorney*
<u>By Email</u>