UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
| - against – | Criminal Docket No. 16 Cr. 692 (JMF) |
| SERGEJS LOGINS, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

Upon the application of the United States of America, by Emily A. Johnson, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of SERGEJS LOGINS (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Latvia.

3. The defendant was paroled into the United States for the purpose of prosecution on or about February 1, 2019 at or near JFK International Airport, Queens, NY.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Wire and Bank Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

5. Conspiracy to Commit Wire and Bank Fraud, in violation of 18 U.S.C. § 1349, carries a maximum term of 30 years' imprisonment. Conspiracy to Commit Money

Laundering, in violation of 18 U.S.C. § 1956(h), carries a maximum term of 20 years' imprisonment.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(I) of the Act, 8 U.S.C. § 1182(a)(2)(I), as an alien who the Attorney General knows, or has reason to believe, to have engaged in an offense described in 18 U.S.C. § 1956 (relating to laundering of monetary instruments) or has conspired to commit an offense in such section; and Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Latvia as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Latvia.

Dated:   New York, New York
        April 1      2021

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO <u>REQUEST JUDICIAL REMOVAL</u> |
| - against – | |
| SERGEJS LOGINS, | Criminal Docket No. 16 Cr. 692 (JMF) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO SERGEJS LOGINS ("the defendant") and to his attorneys of record herein, Michael W. Martin and Ian Weinstein, that upon conviction of the defendant for the offenses of Conspiracy to Commit Wire and Bank Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering, in violation 18 U.S.C. § 1956(h), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
March 17, 2021

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: _____
Emily A. Johnson
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS <u>IN SUPPORT OF JUDICIAL REMOVAL</u> |
| - against – | |
| SERGEJS LOGINS, | Criminal Docket No. 16 Cr. 692 (JMF) |
| Defendant. | |

– – – – – – – – – – – – – – – – – – X

NOTICE IS HEREBY GIVEN TO SERGEJS LOGINS ("the defendant") and to his attorneys of record herein, Michael W. Martin and Ian Weinstein, that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Latvia.

3. The defendant was paroled into the United States for the purpose of prosecution on or about February 1, 2019 at or near JFK International Airport, Queens, NY.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Wire and Bank Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

5. Conspiracy to Commit Wire and Bank Fraud, in violation of 18 U.S.C. § 1349, carries a maximum term of 30 years' imprisonment.  Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), carries a maximum term of 20 years' imprisonment.

6.  The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(I) of the Act, 8 U.S.C. § 1182(a)(2)(I), as an alien who the Attorney General knows, or has reason to believe, to have engaged in an offense described in 18 U.S.C. § 1956 (relating to laundering of monetary instruments) or has conspired to commit an offense in such section; and Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Latvia.

Dated:  New York, New York
        March 17, 2021

                                        AUDREY STRAUSS
                                        United States Attorney
                                        Southern District of New York

                        By:             _____
                                        Emily A. Johnson
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| SERGEJS LOGINS, | Criminal Docket No. 16 Cr. 692 (JMF) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

SERGEJS LOGINS, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is SERGEJS LOGINS.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, March 17, 2021. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated March 17, 2021.

4. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

5. My rights in a judicial removal proceeding have been fully explained to me by my attorneys, Michael W. Martin and Ian Weinstein. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section

      238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

6. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

7. I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(I) of the Act, 8 U.S.C. § 1182(a)(2)(I), as an alien who the Attorney General knows, or has reason to believe, to have engaged in an offense described in 18 U.S.C. § 1956 (relating to laundering of monetary instruments) or has conspired to commit an offense in such section; and Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General.

8. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and

related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

9. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Latvia and have no present fear of persecution in Latvia, the country of my citizenship. I further acknowledge that I have not been tortured in Latvia and have no present fear of torture in Latvia, the country of my citizenship.

10. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

11. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with

and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

12. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

13. I will accept a written order issued by this Court for my removal from the United States to Latvia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

 

 4/1/2021                                                 *Sergeis Logins*  (as authorized by counsel to sign)
Date                                                    Defendant's Signature

 4/1/2021                                                 *Michael W. Martin*
Date                                                    Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against – | |
| SERGEJS LOGINS, | Criminal Docket No. 16 Cr. 692 (JMF) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Beachwood, New Jersey

Dated  3/26/2021

_____
WILLIAM P. JOYCE
Deputy Field Office Director
United States Immigration and Customs Enforcement
For
THOMAS DECKER
Field Office Director
United States Immigration and Customs Enforcement